Filed 11/20/13  Marriage of Boyajian and Bi CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| In re the Marriage of MICHAEL J. BOYAJIAN and WINNIE BI. | |
| MICHAEL J. BOYAJIAN,<br><br>　　　　Respondent,<br><br>　　　　　　v.<br><br>WINNIE BI,<br><br>　　　　Appellant. | F064467<br><br>(Super. Ct. No. 477332-1)<br><br>**OPINION** |

**THE COURT**[*]

APPEAL from an order of the Superior Court of Fresno County.  Glenda Allen-Hill, Judge.

Winnie Bi, in pro. per., for Appellant.

—————————

[*] Before Cornell, Acting P.J., Detjen, J. and Oakley, J.[†]

[†]Judge of the Superior Court of Madera County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Michael J. Boyajian, in pro. per., for Respondent.

-ooOoo-

Appellant Winnie Bi, and respondent Michael J. Boyajian, dissolved their marriage in 1993. In the marital settlement agreement, the parties agreed to list their family home for sale within two years. The parties stated their intent was to wait until the home had sufficient equity to justify a sale.

Because equity in the home was still insufficient in 1995, the parties entered into a written agreement modifying the dissolution judgment. In June 1995, appellant agreed to deed the property to respondent in exchange for $2,000 and respondent agreed to assume the mortgage loan. Thereafter, a deed transferring appellant's interest in the home to respondent was recorded and respondent paid appellant $2,000.

In July 2011, appellant filed an application for an order to show cause seeking a partition sale of the family home and an order compelling respondent to comply with the dissolution judgment and remove appellant's name from the loan. However, the parties disagreed on what respondent specifically agreed to do with respect to the loan. Each party presented a different version of the June 1995 agreement to the trial court. The copy produced by respondent states that respondent will use his best effort to assume the loan within a reasonable time. The copy presented by appellant states that respondent will remove appellant from the loan within six months.[1]

Following a hearing, the trial court denied appellant's application. The court found that the parties modified their judgment in writing in June 1995. However, the court did not decide which of the two agreements was correct. Rather, the court ruled that appellant's challenge to the judgment and/or request to enforce the agreement were

---

[1]    Respondent's motion to reconsider this court's December 19, 2012, order deeming the record augmented to include the copy of the agreement presented by appellant to the trial court is denied.

2.

stale. The court noted that appellant, having waited over 16 years to act, had "slumbered on her rights," that respondent would be prejudiced if required to sell the home or refinance the loan, and that respondent was not barred from equitable relief due to the doctrine of unclean hands. The court further determined that partition was not an appropriate remedy.

Appellant challenges this ruling on the ground that she did not have respondent's contact information or know that she was still on the loan until 2009. We affirm the order.

## DISCUSSION

The laches defense requires unreasonable delay plus either the plaintiff's acquiescence in the act about which he or she complains or prejudice to the defendant resulting from the delay. (*Johnson v. City of Loma Linda* (2000) 24 Cal.4th 61, 68.) "Generally, a trial court's laches ruling will be sustained on appeal if there is substantial evidence to support the ruling." (*Id*. at p. 67.)

Here, there was a 16 year delay between appellant signing the June 1995 agreement and seeking to enforce the agreement's terms. This delay is unquestionably unreasonable. Regarding prejudice to respondent, the court found that the loan in place had a 3.625 percent interest rate and that on the date the decision was rendered, September 26, 2011, such a rate would be "difficult to find." Thus, the court concluded, it would be prejudicial to respondent to require him to refinance. This record supports the trial court's laches ruling.

Moreover, the June 1995 agreement is a written contract. Accordingly, appellant was required to bring an action to enforce the contract within four years. (Code Civ. Proc., § 337.) Contrary to appellant's position, the trial court did not retain jurisdiction over the enforcement of this agreement as part of the division of community property.

3.

Once appellant executed the grant deed and transferred her interest in the house to respondent in exchange for $2,000, the house became respondent's separate property.[2]

## DISPOSITION

The order is affirmed.  Respondent is awarded his costs on appeal.

---

[2]  Appellant's motion to augment the record filed on April 9, 2013, is denied.